## BROWN MANUF'G CO. v. BUFORD and others.

*(Circuit Court, N. D. Illinois.   August 4, 1884.)*

PATENTS FOR INVENTIONS—PATENT NO. 190,816—CLAIMS 1 AND 2—INFRINGE-
MENT.
    The defendant's cultivator compared with patent No. 190,816, sustained in
*Brown Manuf'g Co.* v. *Deere, ante,* 709, and *held,* that the first and second claims
thereof are infringed by defendant.

In Equity.
*A. W. Train* and *George H. Christy,* for complainant.
*West & Bond* and *Coburn & Thacher,* for defendant.

BLODGETT, J.   In this suit the defendant was charged with the in-
fringement of letters patent No. 190,816, dated May 15, 1877, issued
to William P. Brown, for an improvement in couplings for cultiva-
tors.   I have already discussed, in the case of the *Same Complain-
ant* against *Deere & Co., ante,* 709, all the questions made in this
case except that of infringement.   In this case the defendant is
charged with infringing the first and second claims of this patent,
which are as follows:

"(1) The pipe-box provided with a projection adapted to co-operate with a
spring, weight, or the draught, to rock the said pipe-box against or with the
weight of the rear cultivators or plows, substantially as and for the purpose
described.   (2) The combination, with the crank-axle and the gangs or plows,
of the pipe-box, having arm, M, the spring, N, attached to the main frame,
the head, I, and the stirrup, G, or its equivalent, having brackets, H, and
pivot-bolt, *b,* and fastened to the pipe-box, substantially as and for the pur-
pose described."

I find in the defendant's cultivator a pipe-box substantially the
same in its function and operation as that provided in complainant's
patent, to which I also find a plow attached by means of a bracket
cast upon and as a part of the pipe-box; and this bracket seems to
me in every particular to take the place and be the equivalent of the
stirrup, G, shown in the complainant's patent.   It performs the same
function in the mechanism, and does in every particular the same
work as the complainant's stirrup.   The plow has, by means of the
pipe-box, and the bracket or stirrup and coupling-pin, the same side
and vertical motion which are given in the complainant's patent, and
which are the purpose and object of this complainant's device.   I
also find a projection, not cast upon and made an integral part of
the pipe-box, as is complainant's projection, M, but a vertical pro-
jection which is rigidly attached to the end of the pipe-box, and per-
forms the same function, and operates in the same manner and for
the same purpose, in connection with a spring, as the arm or pro-
jection attached to the complainant's pipe-box.   The mere fact that
this projection is constructed separately from the pipe-box and then
rigidly attached thereto, does not, it seems to me, in any degree jus-
tify the defendant in the use of this device.   It seems to me a clear

and palpable infringement of that portion of the complainant's patent which provides for an auxiliary force with which to aid in lifting the rear of the plows out of the ground. The curved lever of the defendant is in all its essential functions but the projection, M, of the complainant's patent, and I cannot see that it performs any other or different function in the defendant's organization from what would be performed by the complainant's arm, M, in the same organization.

There will, therefore, be a finding that the defendants infringe the first and second claims of the plaintiff's patent, and a decree for an accounting and injunction.